UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Happy's Pizza Franchise, LLC,

    Plaintiff,

v.                                                                  Case No. 13-11910

Chicago Partners #78, LLC, *et al.*,          Sean F. Cox
                                                                     United States District Court Judge
    Defendants.
_____/

## ORDER

This action stems from failed business ventures to purchase and operate two Happy's Pizza® restaurant franchises in Chicago and Harvey, Illinois. Plaintiff Happy's Pizza Franchise, LLC ("Plaintiff") filed this action against the two limited liabilities that entered into Franchise Agreements with it, and one individual, asserting various claims and seeking injunctive relief. Those Defendants then filed counter-claims against Plaintiff. At this late stage of the litigation, the counter-claims have been dismissed and the only claims that remain are those of the Plaintiff.

Plaintiff's Complaint asserts the following claims: 1) "Statutory and Common Law Trademark Infringement Against All Defendants" (Count I); 2) "Statutory and Common Law Unfair Competition Against All Defendants" (Count II); 3) "Breach of Franchise Agreements Against All Defendants" (Count III); 4) "Action for Injunction Against All Defendants" (Count IV); and 5) "Declaratory Judgment Action Against All Defendants" (Count V).

In the Joint Final Pretrial Order that the parties previously submitted, Plaintiff indicates that it wishes to pursue Counts III, IV, and V of its Complaint. Notably, Plaintiff does not address Counts I or II in the Joint Final Pretrial Order but it has not dismissed those counts

1

either.

At the Joint Final Pretrial Conference, Plaintiff's Counsel also raised, for the first time, that Plaintiff believes any trial must be a bench trial because Defendants waived the right to a jury trial in the franchise agreements. On October 6, 2014 – almost a year after the deadline for filing motions – Plaintiff filed a Motion to Strike Defendants' Jury Demand. (Docket Entry No. 63). This Court was scheduled to hear that motion on December 22, 2014.

In order to assist the Court in preparing for the trial in this action, this Court issued an Order on December 18, 2014, directing that Counsel be prepared to discuss issues concerning Counts I, II, and IV of Plaintiffs' Complaint at the December 22, 2014 hearing. (Docket Entry No. 69). Specifically, the Court ordered that: 1) "Plaintiff's Counsel must be prepared to discuss Plaintiff's intentions regarding Counts I and II at the December 22, 2014 hearing;" and 2) **"Plaintiff's Counsel must be prepared to show cause why Count IV of Plaintiff's Complaint should not be dismissed on the ground that an injunction is not a cause of action."** (*Id*. at 2).

On December 22, 2014, this Court held a motion hearing regarding Plaintiff's Motion to Strike Jury Demand. That motion had been opposed by Defendants. During the December 22, 2014 hearing, this Court indicated that it was going to deny the Motion to Strike Jury Demand as untimely. After this Court so indicated, however, Defense Counsel stated on the record that Defendants no longer oppose the motion and wish to have a bench trial. Accordingly, the Court hereby **ORDERS** that Plaintiffs' now unopposed Motion to Strike Jury Demand is **GRANTED** and that the trial in this action shall be a **BENCH TRIAL.**

As stated on the record this date, Plaintiff wishes to voluntarily dismiss Counts I and II of Plaintiffs' Complaint. As such, **IT IS ORDERED that Counts I and II are hereby**

**DISMISSED WITH PREJUDICE.**

At the December 22, 2014 hearing, Plaintiff's Counsel agreed that an injunction is not an independent cause of action and therefore Count IV of Plaintiff's Complaint should be dismissed.  Plaintiff's Counsel stated, however, that in pursuing Count III (the Breach of Franchise Agreement Count), Plaintiffs may assert specific breaches that are included in the body of Count IV and may seek injunctive relief that is included in Count IV.  The parties agreed that, in order to clarify this, **Plaintiff will file a motion seeking to file an amended complaint, along with the proposed amended complaint, no later than January 12, 2014.  Plaintiffs' proposed amended complaint may not assert any new claims or make any other changes other than those described herein.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 23, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 23, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager